UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARET M. FLINN,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-05723-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on July 14, 2011, and an application for SSI benefits on July 15, 2011, alleging in both applications that she became disabled beginning December 15, 2009. *See* Dkt. 9, Administrative Record ("AR") 16. Those applications were denied upon initial administrative review on November 14, 2011, and on reconsideration on January 12, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on July 17, 2012, at which plaintiff appeared and testified, as did a vocational

ORDER - 1

expert. *See* AR 35-90.

In a decision dated November 27, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 13-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 14, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481. On September 18, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on January 20, 2015. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity ("RFC"); and (5) in finding her to be capable of returning to her past relevant work. Furthermore, plaintiff argues that (6) new evidence submitted to the Appeals Council supports reversal of the ALJ's decision. For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled and therefore recommends that defendant's decision to deny benefits be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

ORDER - 2

359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.    The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

    a.   Dr. Aileen A. Mickey, M.D.

Plaintiff asserts that the ALJ erred by improperly rejecting the medical opinion of Dr. Aileen A. Mickey, M.D. *See* Dkt. 15, pp. 8-9. Dr. Mickey examined plaintiff during and following her 2011 visits to the emergency room for asthma exacerbation, and she assessed that plaintiff could not work in any environment that contained dust, fumes, or chemicals because of her lung disease. *See* AR 383-84, 452-54, 457-60. The ALJ gave some weight to this opinion, reasoning that it was inconsistent with the fact that plaintiff did work as a housecleaner with her condition and that it did not fully take into account plaintiff's improvement in function after she quit smoking. AR 25. Still, the ALJ included in her RFC that plaintiff "must avoid concentrated exposure to pulmonary irritants such as chemicals, fumes, and dust." AR 21. Plaintiff fails to argue how this RFC indicates that the ALJ improperly rejected Dr. Mickey's opinion, so this Court finds no error. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (reviewing court need not address issues not argued with any specificity in the briefing).

ORDER - 5

b. Dr. Owen J. Bargreen, Psy.D.

Plaintiff asserts that the ALJ erred by improperly rejecting the medical opinion of Dr. Owen J. Bargreen, Psy.D. *See* Dkt. 15, p. 9. Dr. Bargreen performed a psychological evaluation in 2011 and opined that plaintiff could not work due to emotional lability and isolation, assessing marked functional limitations in all areas but one. *See* AR 447-51. The ALJ gave little weight to this opinion for several reasons: it was inconsistent with the doctor's own examination findings; it was inconsistent with plaintiff's daily activities; the doctor only saw plaintiff one time; and the doctor appeared to rely heavily on plaintiff's self-report. AR 25.

Plaintiff argues that "[n]one of these reasons are legitimate." Dkt. 15, p. 9. However, a contradiction between a doctor's medical opinion and his observations and findings is a legally sufficient reason not to rely on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, Dr. Bargreen assessed that plaintiff had marked limitations in her ability to learn new tasks and to follow complex instructions, but his findings showed that she did not have major struggles with attention and concentration. AR 450. Moreover, an ALJ may discount a doctor's opinion to the extent it is inconsistent with a claimant's daily activities. *Morgan*, 169 F.3d at 601-02. Here, plaintiff's daily activities included co-running her housecleaning business, driving her girlfriend to cleaning appointments, going to the library or an AA meeting, and generally "keep[ing] pretty busy." AR 494. These daily activities are inconsistent with Dr. Bargreen's marked limitations in abilities, including performing routine tasks without undue supervision, being aware of normal hazards and taking precautions, and communicating and performing effectively in a work setting with limited public contact. Therefore, even if some of the ALJ's rationale was not proper, the ALJ nevertheless provided legitimate reasons for failing to credit fully the opinion of Dr. Bargreen, and any error was harmless error. *See Molina v.*

ORDER - 6

*Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

      c.  Dr. Ryan Christopher Johnson, D.O.; Dr. Mark S, Samson, M.D.; and Ms. Natalie A. Harrah, M.A., M.H.P.

Plaintiff asserts that the ALJ erred by failing to properly evaluate the medical evidence from Dr. Ryan Christopher Johnson, D.O.; Dr. Mark S, Samson, M.D.; and Ms. Natalie A. Harrah, M.A., M.H.P. *See* Dkt. 15, pp. 9-10. However, plaintiff simply asks the Court to reinterpret the evidence, failing to point to any functional limitations assessed by these doctors that the ALJ erred by ignoring. Where an individual has not argued an issue with any specificity in the opening brief, the Court does not need to address it. *Carmickle*, 533 F.3d at 1161 n.2.

      d.  State agency medical consultants

Plaintiff asserts that the ALJ erred by giving too much weight to the opinions of the non-examining state agency medical consultants. *See* Dkt. 15, pp. 10-11. The ALJ gave great weight to their opinions because they "had an opportunity to review the entire record, and their opinions are consistent with the evidence as a whole." AR 25.

When an ALJ discounts the opinions of treating and examining doctors in favor of a non-examining medical advisor, the ALJ must give legitimate and specific reasons, supported by the record. *Morgan*, 169 F.3d at 600. Here, the ALJ found that the record as a whole, including plaintiff's incredible testimony (discussed below), was consistent with the limitations assessed by the state agency medical consultants, not those assessed by the treating and examining doctors. So, the opinions of the non-examining consultants constitute substantial evidence. It is not the job of the court to reweigh the evidence. If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas*, 278 F.3d at 954 (*citing Morgan*, 169 F.3d at 599, 601). The ALJ did not err in giving great weight to the opinions of non-examining

ORDER - 7

physicians because she gave the necessary legitimate and specific reasons in her ruling.

Plaintiff also argues that the non-examining physicians did not in fact have the opportunity to review the entire record because new evidence was submitted by plaintiff after their assessments. *See* Dkt. 15, p. 11. However, the consultants reviewed the entire record that was available to them at the time. *See* AR 105-17, 134-46. As discussed in full below, the ALJ's decision is supported by substantial evidence, notwithstanding new evidence submitted by plaintiff. The ALJ reasonably relied on the consultants' opinions, which she found to be consistent with the overall record.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

ORDER - 8

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

Plaintiff argues that the ALJ erred by failing to make specific findings stating clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her symptoms. *See* Dkt. 15, pp. 11-18. The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were credible only to the degree of limitation reflected in the RFC. AR 22. The ALJ discounted plaintiff's testimony regarding the severity of her symptoms for several reasons: inconsistency with the objective medical evidence, improvement with treatment and absent situational stressors, inconsistency with her daily activities, plaintiff's drug-seeking behavior, plaintiff's work history during the time of alleged disability, and inconsistencies in her reports to various treating and examining physicians. *See* AR 22-24.

A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).  However, a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (*en banc*)) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

ORDER - 9

The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in *Bunnell* was couched in terms of subjective complaints of pain, its reasoning extended to claimant's non-pain complaints as well).

Here, the ALJ found that the objective medical evidence was inconsistent with plaintiff's allegations of disability. AR 22. This inconsistency was based on the improvement in certain physical symptoms when plaintiff complied with treatment and had situational stressors resolved. *See id.*; *Morgan*, 169 F.3d at 599 (an ALJ may discount a claimant's credibility on the basis of medical improvement); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). However, the ALJ did not reject plaintiff's testimony solely based on objective medical evidence; she gave several additional reasons for finding plaintiff not to be credible.

Next, the Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). First, such activities can "meet the threshold for transferable work skills." *Id.* Thus, a claimant's credibility may be discounted if he or she "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting." *Smolen*, 80 F.3d at 1284 n.7. The claimant, however, need not be "utterly incapacitated" to be eligible for disability benefits, and "many home activities may not be easily transferable to a work environment." *Id*. In addition, the Ninth Circuit has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Under the second ground in *Orn*, a claimant's activities of daily living can "contradict his [or her] other testimony." 495 F.3d at 639.

Here, the ALJ found that plaintiff's daily activities contradicted her allegations of

ORDER - 10

disability and reflected "the need for no greater degree of limitation" than that in her RFC. AR 24. The ALJ cited that while plaintiff was still co-running her business in late 2011, she would drive her girlfriend to appointments, go to the library, go to Starbucks, and attend AA meetings. *Id*. The ALJ also noted that plaintiff stated she kept pretty busy. *Id*. These daily activities are inconsistent with plaintiff's other testimony that her symptoms prevented her from leaving her home except for rare occasions to see family members. *See* AR 67.

Moreover, the ALJ noted that plaintiff's testimony of working until at least April 2011 "strongly undermines her allegations of disability." AR 24. Plaintiff testified that she filed for benefits in July 2011 because her doctor told her she could no longer work as a housecleaner after her hospitalization in April 2011. AR 74. In October 2011, plaintiff was reporting to providers that she continued to own and co-run a housecleaning business. AR 494. These reports are inconsistent with plaintiff's claims of disability beginning in December 2009.

Furthermore, the ALJ discredited plaintiff's testimony because plaintiff made contradictory statements to providers. AR 24. Plaintiff once explained that she was let go from a doctor's practice because her insurance had not paid him but told another provider it was because the doctor retired. *See* AR 347, 422. Plaintiff also testified that her provider told her to take her brother's medications, but this advice, which the ALJ noted would be illegal, does not appear in the provider's notes. *See* AR 60-63. These contradictions cast further doubt on plaintiff's credibility.

Therefore, the ALJ cited several clear and convincing reasons for discounting plaintiff's credibility. That other reasons for discounting plaintiff's credibility may have been improper does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record, as it is in this case. *Tonapetyan*, 242 F.3d at

ORDER - 11

1148; *see Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (while ALJ relied on improper reason for discounting claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record").

III. The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642.

Plaintiff argues that ALJ erred by failing to properly evaluate the statements of Jessica Weigel and Alice Littlemore, plaintiff's daughters. *See* Dkt. 15, pp. 18-19. The ALJ gave Ms. Weigel's statement little weight because it appeared to be exaggerated, was inconsistent with the medical evidence, and was similar to plaintiff's testimony, which the ALJ found not to be credible. AR 26. The ALJ gave Ms. Littlemore's statement little weight "because it dealt primarily with describing the claimant outside of the relevant time period." AR 25.

An ALJ may discount lay testimony if it conflicts with the medical evidence. *Lewis*, 236 F.3d at 511; *see also Bayliss*, 427 F.3d at 1218 (inconsistency with medical evidence constitutes germane reason); *Vincent*, 739 F.2d at 1395 (proper for ALJ to discount lay testimony that conflicts with available medical evidence); *but see Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (improper for ALJ to discredit testimony of claimant's wife as not supported by

ORDER - 12

medical evidence in record). Also, where a claimant's testimony has been properly rejected, lay witness testimony that is similar thereto may be rejected for the same reasons used to reject the claimant's testimony. *See Valentine v. Commissioner Social Security Administration*, 574 F.3d 685 (9th Cir. 2009)[2]; *see also Molina*, 674 F.3d at 1114. Here, Ms. Weigel's letter described plaintiff as "unable to help even with small tasks around the house," leaving her with "nothing that she can do" because of her severe limitations. AR 283. Because the ALJ found plaintiff's similar testimony to be incredible and inconsistent with the medical evidence, the ALJ gave germane reasons for discrediting this lay witness testimony.

Furthermore, that a lay witness statement only addresses information outside of the actual period at issue is a germane reason to discredit that testimony. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Here, Ms. Littlemore's statement generally recounts her observations of plaintiff from when Ms. Littlemore was a young child through when plaintiff's house burned down in 2008, giving the ALJ a germane reason to dismiss the testimony. *See* AR 279-82. Still, to the extent Ms. Littlemore describes any ongoing issues for plaintiff, any error in failing to address the testimony is harmless because Ms. Littlemore did not describe any limitations not already largely described by plaintiff. *See Molina*, 674 F.3d at 1116-17 ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error

---

[2] In *Valentine*, the Ninth Circuit held in relevant part:

> [The lay witness's] testimony of her husband's fatigue was similar to [the claimant's] own subjective complaints. Unsurprisingly, the ALJ rejected this evidence based, at least in part, on 'the same reasons [she] discounted [the claimant's] allegations.' In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.

*Id.* at 694.

precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se."); *see also Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision"). Accordingly, this Court declines to find any reversible error here.

IV.   The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") [SSR] 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

ORDER - 14

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Here, the ALJ found plaintiff had the RFC:

**to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can stand six hours per day but with an option to sit every thirty minutes briefly to alleviate discomfort. She can occasionally climb ramps and stairs, stoop, crawl, crouch, and kneel. She can never climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to pulmonary irritants such as chemicals, fumes, and dust. She must avoid concentrated exposure to humidity, wetness, and extreme cold temperatures. She must also avoid concentrated exposure to hazards. She can perform simple tasks with occasional, superficial interaction with co-workers. She can have minimal interaction with the general public.**

AR 21 (emphasis in original). Plaintiff argues that given the ALJ's harmful errors alleged above, the RFC with which the ALJ assessed her is incomplete. *See* Dkt. 15, pp. 19-20. But because, as discussed above, the ALJ did not commit any harmful error, here too the ALJ did not err.

V.      The ALJ's Step Four Determination

The claimant has the burden at step four of the disability evaluation process to show that he or she is unable to return to his or her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Here, the ALJ posed hypothetical questions to the vocational expert ("VE") containing the same limitations included in the ALJ's assessment of plaintiff's RFC. *See* AR 80-83. In response, the VE testified that an individual with those limitations would be able to perform plaintiff's past relevant work. *See id*. Again, plaintiff argues that in light of the ALJ's harmful errors alleged above, the hypothetical question the ALJ posed cannot be said to be completely accurate. *See* Dkt. 15, pp. 20-21. For the same reasons discussed above, however, the ALJ did not commit any such errors, and therefore there is no harmful error here as well.

VI.     New Evidence Submitted to the Appeals Council

Evidence submitted for first time to the Appeals Council is part of the record the Court

ORDER - 15

"must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Security Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Plaintiff argues that new evidence submitted to the Appeals Council shows that she is more limited than she was found to be by the ALJ, showing that the ALJ's decision was not supported by substantial evidence. *See* Dkt. 15, p. 24.

Plaintiff submitted further reports by Dr. Samson, Dr. Johnson, and Ms. Harrah. *See* AR 628-35, 638-40, 643-58. However, the ALJ already considered reports from these providers. These reports do not provide any new information that was not generally found in the reports examined by the ALJ. *See id*. In fact, plaintiff admits that this new evidence simply "provides further confirmation that Flinn's testimony is consistent with the clinical findings of her treatment providers." Dkt. 19, p. 9. Furthermore, a report indicating marked limitations in concentration and adaptation was obtained after the ALJ issued her decision and is therefore less credible. *See* AR 643-45; *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (opinion is "all the less persuasive" when it is obtained only after an ALJ issues an adverse determination). Because the ALJ already evaluated similar medical evidence and made her credibility determinations, the new evidence does not change the fact that substantial evidence supports the ALJ's decision.

Plaintiff also submitted new reports from Dr. Dennis E. Smith, M.D.; Dr. Yoshihiro Yamamoto, M.D.; and Marne Nelson, ARNP. *See* AR 636-37, 641-42, 666-72. However, none of these reports include any new assessments of functional limitations, and none of the clinical findings lie outside the impairments the ALJ already found as severe and accounted for in plaintiff's RFC. *See id*. Substantial evidence supports the ALJ's decision finding plaintiff not disabled, even considering the new evidence submitted to the Appeals Council.

ORDER - 16

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 27th day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 17