UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET M. FLINN,<br><br>                    Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05723-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on July 14, 2011, and an application for SSI benefits on July 15, 2011, alleging in both applications that she became

ORDER - 1

disabled beginning December 15, 2009. *See* Dkt. 9, Administrative Record ("AR") 16. Those applications were denied upon initial administrative review on November 14, 2011, and on reconsideration on January 12, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on July 17, 2012, at which plaintiff appeared and testified, as did a vocational expert. *See* AR 35-90.

In a decision dated November 27, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 13-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 14, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481. On September 18, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on January 20, 2015. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

   (1) in evaluating the opinion evidence in the record from Aileen A. Mickey, M.D., Owen J. Bargreen, Psy.D., Ryan Christopher Johnson, D.O., Mark S. Samson, M.D., and Natalie A. Harrah, M.A., M.H.P.;

   (2) in discounting plaintiff's credibility;

   (3) in rejecting the lay witness evidence in the record;

   (4) in assessing plaintiff's residual functional capacity ("RFC"); and

   (5) in finding her to be capable of returning to her past relevant work.

Plaiuntiff further argues new evidence submitted to the Appeals Council supports reversal of the

ORDER - 2

ALJ's decision. For the reasons set forth below, the undersigned agrees that the ALJ erred in evaluating the opinion evidence from Dr. Mickey – and thus in assessing plaintiff's RFC and finding her capable of returning to past relevant work – and therefore in determining her to be not disabled. Also for the reasons set forth below, however, while the Court finds defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

ORDER - 3

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      The ALJ's Evaluation of Dr. Mickey's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff asserts that the ALJ erred by improperly rejecting the medical opinion of Dr. Aileen A. Mickey, M.D. *See* Dkt. 15, pp. 8-9. Dr. Mickey examined plaintiff in October 2011, following her visits to the emergency room for asthma exacerbation. *See* AR 453. Dr. Stokan

ORDER - 5

opined that plaintiff could not work in any environment containing dust, fumes, or chemicals because of her lung disease. *See id.* The ALJ gave some weight to this opinion, reasoning that it was inconsistent with the fact that plaintiff did work as a housecleaner with her condition, and that it did not fully take into account her improvement in function after she quit smoking (*see* AR 25), ultimately including in her RFC assessment, the limitation that she "must avoid concentrated exposure to pulmonary irritants such as chemicals, fumes, and dust." AR 21.

The Court finds, however, that the ALJ did not provide legitimate reasons for rejecting Dr. Mickey's stricter limitation that plaintiff could not work in any environment that contained dust, fumes, or chemicals at all. While the ALJ reasoned the doctor's opinion was inconsistent with the fact that plaintiff worked as a housecleaner with her condition, Dr. Mickey specifically noted plaintiff stopped doing such work several months prior to the date of her opinion. *See* AR 453. Accordingly, at least as of the date of Dr. Mickey's opinion, plaintiff was no longer doing that work, and thus Dr. Mickey's opinion cannot reasonably be rejected on this basis.[2] Also, while the ALJ found that the opinion did not take into account plaintiff's improvement after quitting smoking, as Dr. Mickey further specifically noted, plaintiff stopped smoking five months prior, but still found "exposure to the dust, fumes and chemicals in [the environment she worked in as a house cleaner] were significantly flaring her underlying lung disease and she can no longer work in that environment." AR 453. This too, therefore, was not a legitimate reason for discounting Dr. Mickey's opinion.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

---

[2] As plaintiff points out, furthermore, the evidence in the record indicates plaintiff's girlfriend performed much of the actual house cleaning work for her. *See* AR 494.

ORDER - 6

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Here, the ALJ found plaintiff had a residual functional capacity that, as noted above, includes the limitation that she avoid concentrated exposure to pulmonary irritants such as chemicals, fumes and dust. *See* AR 21. This limitation, however, is much less restrictive than Dr. Michey's opinion that exposure to the dust, fumes and chemnicals in the environment where she worked as a house cleaner was significantly flaring her underlying lung disease, and thus that she could no longer work in that environment, which as discussed above the ALJ ered in rejecting. *See* AR 453. As such, the ALJ's RFC assessment cannot be said to completely and accurately

ORDER - 7

describe all of plaintiff's functional limitations or to be supported by substantial evidence, and as discussed further below, remand for further proceedings is warranted on this basis.[3]

III.     The ALJ's Step Four Determination

The claimant has the burden at step four of the disability evaluation process to show that he or she is unable to return to his or her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Here, the ALJ posed hypothetical questions to the vocational expert ("VE") containing the same limitations as were included in the ALJ's assessment of plaintiff's RFC. *See* AR 80-83. In response, the VE testified that an individual with those limitations would be able to perform plaintiff's past relevant work. *See id*. Again, because the ALJ erred in evaluating the opinion of Dr. Mickey and assessing plaintiff's RFC, as discussed above, the questions posed to the VE did not completely and accurately describe all of plaintiff's physical restrictions. Therefore, the ALJ erred here as well.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

---

[3] It should also be noted that the two state agency consulting physicians, whose opinions the ALJ gave great weight to, found plaintiff should avoid even moderate exposure to dusts and fumes, which also is inconsistent with the ALJ's determination that she need avoid only concentrated exposure thereto. *See* AR 21, 25, 99, 127. Accordingly, on remand the opinions of these medical sources on this issue should be re-examined as well.

ORDER - 8

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's environmental limitations – and thus in regard to her residual functional capacity. ability to perform her past relevant work and, if necessary, other jobs existing in significant numbers in the national economy[4] – remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 6th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[4] If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett*, 180 F.3d at 1098-99.

ORDER - 9