UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARET M. FLINN,

                    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-05723-KLS

ORDER GRANTING PLAINTIFFS MOTION FOR ATTORNEY FEES, AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

This matter is before the Court on plaintiffs filing of a motion for attorney fees and expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"). *See* Dkt. 27. Plaintiff seeks a total of $9,124.25 in attorney fees and $23.67 in expenses. *See id.* After reviewing plaintiffs motion, defendants response to that motion, plaintiffs reply thereto, and the remaining record, the Court hereby finds that for the reasons set forth below plaintiffs motion should be granted.

On May 6, 2015, the Court issued an order reversing defendants decision to deny plaintiffs application for disability insurance and supplemental security income benefits, and remanding this matter for further administrative proceedings. *See* Dkt. 24. On August 3, 2015, plaintiff filed her motion for attorney fees and costs. *See* Dkt. 27. As defendant has filed her response to that motion, and plaintiff has filed her reply thereto, this matter is now ripe for review by the Court.

The EAJA provides in relevant part:

ORDER - 1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). [1] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, this case was remanded for further administrative proceedings. In addition, defendant does not argue that there are–nor do there appear to be–any special circumstances making an award of attorney's fees unjust.

As noted above, to be entitled to attorney fees under the EAJA, the government's position also must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for the government's position to be "substantially justified," this requires an inquiry into whether the government's

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

ORDER - 2

conduct was "justified in substance or in the main"–that is, justified to a degree that could satisfy a reasonable person"–and "had a 'reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565); *see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce*, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988).

The government has the burden of establishing substantial justification. *See Gutierrez*, 274 F.3d at 1258.  The government's position must be "*as a whole*, substantially justified." *Id.* at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings." *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified." ) (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation

positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." *Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's position was substantially justified." *Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*, 149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

In this case, the ALJ's decision was reversed and remanded because the ALJ failed to provide valid reasons for rejecting the limitation assessed by Aileen A. Mickey, M.D., that plaintiff could not work in any environment that contained dust, fumes or chemicals because of her lung disease. *See* Dkt. 24, p. 6. Specifically, the ALJ rejected that limitation on the basis that it was inconsistent with the fact that plaintiff worked as a housecleaner with her condition and that Dr. Mickey did not fully take into account plaintiff's improvement after she quit smoking. *See id.* However, the record revealed that plaintiff stopped working as a housecleaner several months prior to the date of Dr. Mickey's opinion, that much of the house cleaning work actually was done by plaintiff's girlfriend, and that plaintiff also stopped smoking several months prior to the date of Dr. Mickey's opinion and yet dust, fumes and chemicals still were significantly flaring her underlying lung disease resulting in her being unable to work. *See id.*

Defendant asserts a reasonable mind nevertheless could conclude the ALJ's reasons for rejecting Dr. Mickey's opinion were adequate, noting that plaintiff continued to work until several months prior to the date of that opinion despite claiming her condition impacted her ability to work. Again, however, because plaintiff stopped several months prior to Dr. Mickey's opinion, that is not a valid or reasonable basis for rejecting it. Defendant further asserts the record contains inconsistencies regarding her work involvement in her cleaning business, as well as discrepancies in her reported income from the same. None of those alleged inconsistencies,

ORDER - 5

though, necessarily calls into question plaintiff's claim that her girlfriend did most of the actual house cleaning work. *See* Dkt. 28, p. 4 (citing AR 209-14, 219-22, 239-50, 413, 494). Nor to the extent that there are discrepancies in plaintiff's reported income does that reveal the extent to which plaintiff was involved in such work. The ALJ's failure here to provide specific and legitimate reasons for rejecting the opinion of Dr. Mickey, an examining physician, constitutes the type of fundamental procedural error that warrants a finding that the government's position was not substantially justified in defending it.

In the alternative, defendant argues the amount of attorney fees plaintiff requests is unreasonably large. Before granting attorney fees sought pursuant to the EALJA, the Court must determine whether those fees are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A) ("fees and other expenses" includes . . . reasonable attorney fees"). The test used to determine what attorney fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours

ORDER - 6

is inadequate," the Court "may reduce the award accordingly." *Id.* Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the inquiry." *Id.* Rather "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* As the Supreme Court went on to explain, the "results obtained" factor:

> . . . is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many . . . cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an

ORDER - 7

enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

. . .

There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.

*Id.* at 434-37 (internal footnotes and citations omitted). The Supreme Court concluded:

We hold that the extent of a plaintiff's success is a crucial factor in determining

ORDER - 8

the proper amount of an award of attorney's fees . . . Where the plaintiff has
failed to prevail on a claim that is distinct in all respects from his successful
claims, the hours spent on the unsuccessful claim should be excluded in
considering the amount of a reasonable fee. Where a lawsuit consists of
related claims, a plaintiff who has won substantial relief should not have his
attorney's fee reduced simply because the district court did not adopt each
contention raised. But where the plaintiff achieved only limited success, the
district court should award only that amount of fees that is reasonable in
relation to the results obtained. . .

*Id.* at 440.

Defendant argues plaintiff's fee request is unreasonable because it includes excessive time

billed for preparing her opening and reply briefs. Specifically, defendant asserts that the opening

brief contains only 12 pages of argument, that the reply brief consists of primarily a recitation of

the arguments made in the opening brief, and that plaintiff prevailed on only one issue devoting

less than one page in each brief to that issue. The Court agrees with the District Court from the

Eastern District of California, however, that reducing the attorney's fee award "proportionally to

the amount of pages dedicated to briefing the issue upon which remand was based, . . . or

engaging in any other method for determining the amount of time spent on a single argument,

would be speculative, at best." *Kham Singmoungthong v. Astrue*, 2011 WL 2746711, at *8 (E.D.

Cal., July 13, 2011); *Belcher*, 2010 WL 2010 WL 5111435, at *3 (E.D. Cal., December 9, 2010)

(same).[3]

Indeed, at least where "excellent results" have been obtained, the Supreme Court has

rejected use of "a mathematical approach comparing the total number of issues in the case with

those actually prevailed upon," since "[s]uch a ratio provides little aid in determining what is a

reasonable fee in light of all the relevant factors." *Hensley*, 461 U.S. at 435 and n. 11 (internal

quotation marks omitted). This is because in cases where excellent results have been obtained,

---

[3] The undersigned further notes the Supreme Court's admonition that "[a] request for attorney's fees should not
result in a second major litigation." *Hensley*, 461 U.S. at 437.

ORDER - 9

'[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.' *Id.* at 435. Rather, "[t]he result is what matters." *Id.*

Here, there is no indication that plaintiff acted in bad faith in raising the issues that she did, even though again she prevailed on only one of them. It is true that the Court did not grant plaintiff's primary request for relief–i.e., an award of benefits–but it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Id.* at n. 11. For example, even though a plaintiff may not obtain all the relief requested, he or she still "may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Id.* at 435.

On the other hand, "[a] reduced fee award" will be deemed "appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. The Court finds the relief plaintiff received–reversal and remand for further administrative proceedings–constitutes substantial relief that is not so limited as to warrant a reduction in attorney fees merely because she did not obtain her primary form of requested relief. As another district court explained in a similar case:

> Although the Court found that the ALJ only committed a single reversible error, that error was significant. As a result, Plaintiff obtained a remand for further proceedings. . . . The degree of success obtained is substantial because, depending on the character of the new evidence, the ALJ may change some or all of the findings this Court affirmed. . . . Undoubtedly, Plaintiff's objective is to obtain a finding of disability during the operative period; this Court's order of remand enables Plaintiff to move forward with his claim. As such, the Court declines to reduce Plaintiff's fee request because there is parity between the relief obtained and the "scope of the litigation as a whole."

*Denton v. Astrue*, 2013 WL 673860 *3 (D. Ore., February 25, 2013) (quoting *Hensley*, 461 U.S. at 440). As in *Denton*, although plaintiff did not achieve her primary objective, the reversal

ORDER - 10

allows her to move forward with her claim, and–depending upon what occurs on remand–she may eventually prevail in terms of that objective as well. Accordingly, the Court declines to find a reduction in plaintiff's fee request is warranted here.[4]

For all of the foregoing reasons the Court finds that plaintiff's motion for attorney's fees, costs and expenses pursuant to the EAJA (*see* Dkt. 27) should be granted. Accordingly, the Court hereby orders as follows:

(1) Plaintiff is granted attorney fees in the amount of $9,124.25[5] and expenses in the amount of $23.67.

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney Eitan Kassel Yanich at his address: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the

---

[4] Indeed, defendant does not suggest a number that allegedly would be more reasonable than the amount of hours plaintiff is requesting. In addition, while defendant also argues the issues plaintiff raised were not particularly complex or unusual, again she has not shown the fees being requested in connection therewith are necessarily unreasonable.

[5] This includes an additional 2.0 hours plaintiff's attorney spent on work related to plaintiff's attorney fees motion reply brief. *See* Dkt. 31, p. 7; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

ORDER - 11

EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

DATED this 22nd day of September, 2015.


Karen L. Strombom
United States Magistrate Judge

ORDER - 12